## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOSTON MARKET CORPORATION,<br><br>Plaintiff<br><br>vs.<br><br>FRANK NASHAR; BOSTON STYLE CHICKEN; and ABC COMPANY.<br><br>Defendants. | Civil Action No.<br><br>**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

Plaintiff, Boston Market Corporation ("BMC" or "Plaintiff"), by its undersigned counsel, for its action for injunctive and ancillary relief, alleges by way of Complaint against Defendants Frank Nashar, Boston Style Chicken and fictitious defendant ABC Company as follows:

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) in that the matter arises, at least in part, under the Trademark Act of 1946, 15 U.S.C. §§ 1041, *et seq.* and the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq.* (the "Copyright Act").

2.      This Court has jurisdiction over the related state and common law claims pursuant to 28 U.S.C. §§ 1367 and 1338(b).

3.      Venue is appropriate in Middle District of Pennsylvania pursuant to 28 U.S.C. §1391 because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and/or were directed, and this is the district in which the injury caused by Defendants' conduct is felt and can best be redressed.

## THE PARTIES

4.      Plaintiff Boston Market Corporation is a corporation organized and existing under the laws of the State of Delaware, maintaining its principal place of business at 14103 Denver West Parkway, Golden, Colorado 80401.

5.      Defendant Frank Nashar is, upon information and belief, a resident of the Commonwealth of Pennsylvania with a mailing address at 134 East Main Street, Bloomsburg, Pennsylvania 17815.

6.      Defendant Boston Style Chicken is, upon information and belief, a restaurant or restaurants owned and operated by Defendant Frank Nashar, with a restaurant located at 134 East Main Street, Bloomsburg, Pennsylvania 17815.

7.      Defendant ABC Company represents a company, corporation, or other entity whose true name is unknown to Plaintiff at this time, and who may be adversely affected by the judgment and relief sought in this action.  When the identity is ascertained, Plaintiff will amend this Complaint by inserting the true name and capacity of the fictitious defendant herein.

2

## FACTUAL BACKGROUND

8.     BMC is the owner and operator of a national restaurant chain offering meals for dine-in and takeout dining, as well as catering services, under the well-known and recognized names BOSTON MARKET® and BOSTON CHICKEN®.

9.     BMC operates its restaurant under, and maintains trademark rights in and to, the well-known and recognized oval design, the BOSTON MARKET + Design trademark, and the BOSTON CHICKEN trademark (collectively, "Boston Market Marks").

10.     The Boston Market Marks are registered with the United States Patent and Trademark Office ("USPTO").  Attached hereto as Exhibit A are the trademark registrations owned by BMC.

11.     BMC is also the creator and owner of the exclusive copyright in the Boston Market design logo and Boston Market mark.

12.     Upon information and belief, Defendant Frank Nashar owns and operates a restaurant or restaurants under the name Boston Style Chicken.

13.     The signage used by Boston Style Chicken uses the same shape and colors as the Boston Market design logo.  Attached hereto as Exhibit B is a true and correct copy of Boston Style Chicken's logo.

14.     On January 31, 2017, an article titled "Bloom Eatery Taps New Taste" was published by the Press Enterprise.  The article discussed the opening of

3

Boston Style Chicken by Defendant Frank Nashar.  Attached hereto as Exhibit C is a true and correct copy of the January 31, 2017 Press Enterprise Article.

15.     The Press Enterprise interviewed Defendant Frank Nashar.  When asked about Boston Style Chicken's similarity to Boston Market, he stated, "I mean, it's close.  But I did it on purpose." *See* Ex. C.

16.     On or about February 1, 2017, BMC sent a cease and desist letter to Defendants Frank Nashar and Boston Style Chicken, requesting that Defendants immediately cease and desist their use of, and operation under, a confusingly similar name.  The letter also requested that Defendants cease and desist in their unauthorized use of the Boston Market logos, signs, displays and menus.  Attached hereto as Exhibit D is a true and correct copy of the February 1, 2017 correspondence sent to Defendants.

17.     An additional cease and desist letter was sent by BMC to Defendants on February 15, 2017, repeating its request that Defendants: (a) cease and desist using a confusingly similar name; (b) cease and desist in using a confusingly similar logo; and (c) remove any and all logos, signs, displays and menus that are confusingly similar to any of the Boston Market marks or Boston Market.  Attached hereto as Exhibit E is a true and correct copy of the February 15, 2017 correspondence sent to Defendants.

2536644.2  101920-94863

18.     The undersigned counsel from Gibbons P.C. sent two additional cease and desist letters to Defendants on March 13, 2017 and March 23, 2017.  Attached hereto as Exhibit F are true and correct copies of the March 13, 2017 and March 23, 2017 correspondence to the Defendants.

19.     Despite repeated demands, Defendants have failed to confirm that they have taken the steps demanded in four separate letters (two letters from BMC and two subsequent letters from Gibbons P.C.).

20.     Upon information and belief, Defendant Frank Nashar continues to operate Boston Style Chicken under a name that is confusingly similar to Boston Market.

21.      Upon information and belief, Defendants Frank Nashar and Boston Style Chicken continue to engage in the unauthorized use of the Boston Market Marks and copyrights.

22.     Upon information and belief, Defendants Frank Nashar and Boston Style Chicken continue to use logos, signs, displays and menus that are confusingly similar to Boston Market.

23.     Defendants' unauthorized use of the Boston Market Marks and copyrights, as well as operating under the name Boston Style Chicken, has caused customer confusion.

2536644.2  101920-94863

24.     To date, BMC has received numerous calls and letters from customers in the local market, inquiring as to the Defendants' relationship with BMC.

25.     Defendants continued unauthorized use of the Boston Market Marks and copyrights constitutes passing-off in violation of 15 U.S.C. §1125.

26.     By Defendant Frank Nashar's own admission, the Defendants' unauthorized use of the Boston Market Marks and copyrights are willful and intentional.  *See* Exhibit D.

27.     Unless Defendants' unlawful conduct, misrepresentations, passing-off and customer confusion are enjoined, BMC will be irreparably harmed in its reputation, its ownership and enjoyment of its trademarks and copyrights, and its credibility in the relevant market among its customers, retailers and competitors.

28.     By misappropriating and using the Boston Market Marks and Boston Market's copyrights as their own, Defendants are likely to continue to confuse customers into believing that there is an ongoing business relationship or other connection between the Defendants and BMC's restaurants and catering services.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1125

29.     Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1 through 28 as if fully set forth herein.

2536644.2   101920-94863

30.     The complained of acts by Defendants constitute willful, deliberate and intentional infringement of Plaintiff's federally registered Boston Market Marks in violation of §43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

## COUNT II

## FEDERAL UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. § 1125

31.     Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 30.

32.     The aforementioned acts by Defendants constitute federal unfair competition in the form of passing-off, false representation, false advertising and false designation of origin, all in direct violation of 15 U.S.C. § 1125(a).

33.     Defendants' aforementioned acts have benefited them.

34.     By their actions, Defendants have irreparably injured Plaintiff.  Such irreparable injury will continue unless Defendants are (a) restrained from further unauthorized use of the Boston Market Marks and copyrights in connection with all business operations, and (b) preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

35.     As a result of Defendants' willful and malicious conduct, Plaintiff is entitled to recover the attorneys' fees and expenses it has incurred in bringing this action pursuant to 15 U.S.C. § 1117(a).

2536644.2   101920-94863

## COUNT III

## FALSE ADVERTISING UNDER THE LANHAM ACT, 15 U.S.C. § 1125

36.     Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1 through 35 as if fully set forth herein.

37.     Defendants' aforementioned acts constitute willful, deliberate and intentional false and misleading descriptions of fact, false and misleading representations of fact, and false advertising in violation of §43(a) of the Lanham Act (15 U.S.C. §1125(a)).

## COUNT IV

## COPYRIGHT INFRINGEMENT UNDER THE COPYRIGHT ACT, 17 U.S.C. § 501

38.     Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1 through 37 as if fully set forth herein.

39.     Plaintiff is the creator of the Boston Market design logo.

40.     Plaintiff is the owner of the exclusive copyright in the Boston Market design logo.

41.     Defendants used the copyrighted Boston Market design logo in Boston Style Chicken's signage, menu and logo.

42.     Defendants did not have a license or permission to use the copyrighted Boston Market design logo.

8

43.     Defendants have thus committed copyright infringement in violation of 17 U.S.C. §501.

44.     The aforementioned acts have caused and are causing Plaintiff great and incalculable damage.  By continuing to use the Boston Market design logo in an unauthorized manner, Defendants threaten to continue committing copyright infringement.  Unless this court restrains Defendants from committing further acts of copyright infringement, Plaintiff will suffer irreparable injury.

## COUNT V
## UNFAIR METHODS OF COMPETITION UNDER PENNSYLVANIA LAW

45.     Plaintiff repeats and incorporates by reference the allegations in Paragraph 1 through 44 as if fully set forth herein.

46.     The aforesaid acts constitute unfair methods of competition and unfair competition in the form of passing-off, false representation, false advertising and false designation of origin, all in direct violation of 73 P.S. § 201-2(4).

47.     Defendants' aforementioned acts have benefited them.

48.     By their actions, Defendants have irreparably injured Plaintiff.  Such irreparable injury will continue unless Defendants are (a) restrained from further unauthorized use of the Boston Market Marks and copyrights in connection with all business operations, and (b) preliminarily and permanently enjoined by this

Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

49.     As a result of Defendants' willful and malicious conduct, which violates Pennsylvania's Unfair Trade Practices and Consumer Protection Law, Plaintiff is entitled to have all monetary damages it sustained trebled pursuant to 73 P.S. § 201-9.2.

## COUNT VI
## FALSE ADVERTISING

50.     Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1 through 49 as if fully set forth herein.

51.     As a result of the false or misleading statements made by Defendants, a substantial portion of the relevant market has been deceived.

52.     Defendants' false or misleading statements are material and likely to influence the purchasing decisions of the relevant market.

53.     There is a likelihood of injury to Plaintiff in terms of loss of good will and declining sales.

## COUNT VII
## UNFAIR COMPETITION

54.     Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1 through 53 as if fully set forth herein.

2536644.2  101920-94863

55.     By committing the acts herein alleged, Defendants have unfairly appropriated Plaintiff's registered trademarks, copyrights, reputation and goodwill. Their actions in doing so constitute, among other things, unfair competition, infringement of a registered trademark, copyright infringement, misrepresentation, purposeful confusion, deceptive advertising, and/or unfair trade practices, all in violation of the common law of the Commonwealth of Pennsylvania.

56.     Defendants' acts have been intentionally carried out with full knowledge of Plaintiff's trademark and copyright rights.

57.     Unless and until enjoined by this Court, Defendants' aforementioned acts will continue, and will continue to cause irreparable injury, damage, and detriment to Plaintiff, for which Plaintiff has no adequate remedy at law.

58.     Exemplary or punitive damages are necessary by reason of Defendants' intentionally tortious conduct, and are necessary to deter future similar conduct.

## COUNT VIII

## ACCOUNTING

59.     Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1 through 58 as if fully set forth herein.

60.     Defendants' activities, as alleged above, have violated Plaintiff's rights in the Boston Market Marks and copyright under common law.

11

61.     As a direct result of the infringing activities, Defendants have been unjustly enriched through fraudulent conversion of Plaintiff's goodwill and rights in its trademark and copyright into their own profits through sales from Boston Style Chicken, and have caused Plaintiff to lose direct sales of its goods and services.

62.     As a direct result of Defendants' misconduct, they have received substantial profits, to which Plaintiff is entitled under common law.

63.     The amount of said profits is unknown to Plaintiff and cannot be ascertained without an accounting.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

a.  That judgment be entered in favor of Plaintiff on all causes of action set forth herein.

b.  That Defendants, their officers, directors, principals, agents, servants, affiliates, employees, attorneys, representatives, successors and assigns, and all those in privity or acting in concert or participation with Defendants, and each and all of them, be preliminarily and permanently enjoined and restricted from directly or indirectly:

12

i.  claiming, representing, or suggesting that Plaintiff has authorized or licensed the use by Defendants of the Boston Market Marks and copyright;

ii.  using, in any manner, or holding themselves out as having rights to use, the Boston Market Marks and copyright to designate, describe or refer to themselves or in conjunction with any restaurant or business;

iii.  selling, offering for sale, promoting, advertising, distributing or providing or offering to provide any goods or services in conjunction with the Plaintiff's trademarks, copyright, or any other name, mark or design confusingly similar to the Boston Market Marks in conjunction with any product or service;

iv.  engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Plaintiff's business reputation or dilute the Plaintiff's trademarks and copyright, or appropriate the good will and reputation of said Marks and copyright; and

v.  from infringing, in any manner, the copyrighted materials created and owned by Plaintiff, pursuant to 17 U.S.C. § 502.

13

c. That the Court issue an Order directing Defendants to file with the Court and serve on Plaintiff, within thirty (30) days after the service on Defendants of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

d. That in accordance with Section 35 of the Lanham Act (15 U.S.C. §1117), Plaintiff be awarded monetary damages sufficient to recover:

    i.   Defendants' improper profits;

    ii.   all damage suffered by Plaintiff; and

    iii.   the costs of this action.

e. That in accordance with Section 504(b) of the Copyright Act (17 U.S.C. §504(b)), Plaintiff be awarded actual damages and profits attributable to Defendants' copyright infringement.

f. That Plaintiff be awarded such other monetary damages, recovery and awards as appropriate under the law.

g. That the Court award judgment in favor of Plaintiff in the amount of treble damages.

h. That the Court award Plaintiff punitive damages sufficient to deter Defendants from committing such willful acts of infringement in the future.

i.  That the Court award Plaintiff attorney's fees and costs due to the exceptional nature of this case, pursuant to 15 U.S.C. §1117, 17 U.S.C. §505 and 73 P.S. §201-9.2.

j.  That the Court require a full and complete accounting of all monies received by Defendants as a result of their misconduct.

k.  That the Court award such other and further relief as the Court may deem proper.


Dated:  Philadelphia, Pennsylvania
            April 25, 2017

s/Scott J. Etish
**GIBBONS, P.C.**
Scott J. Etish
One Logan Square
130 North 18th Street Suite 1210
Philadelphia, PA  19103-2709
Tel: (215) 446-6261
Fax: (215) 446-6313

*Attorney for Plaintiff Boston Market Corporation*

15

## **VERIFICATION**

I, J. Randal Miller, hereby certify to the Court as follows:

I am Chief Administrative Officer and General Counsel for Boston Market Corporation and am aware of the facts underlying this dispute, either by virtue of my direct knowledge of the events and circumstances recounted herein or through investigation and confirmation of the relevant facts, and communications with other Boston Market personnel.

I have reviewed the within Complaint.  I hereby certify that all statements made herein are true based upon my own personal knowledge, except for those statements alleged upon information and belief, and as to those statements, I believe them to be true.

I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

J. Randal Miller

DATED:  April 21, 2017

2538343.1   101920-94863